**UNITED STATES DISTRICT COURT**
**EASTERN DISTRICT OF LOUISIANA**

**JEFF ADAM, SR.**                                             **CIVIL ACTION**

**VERSUS**                                                          **NO. 23-6226**

**GEOVERA SPECIALTY INSURANCE CO.**            **SECTION: D(3)**

### ORDER and REASONS

Before the Court is a Motion in Limine to Exclude Ivan Mandich, P.E., MA, filed by GeoVera Specialty Insurance Company ("GeoVera").[1] Plaintiff, Jeff Adam, Sr., opposes the Motion,[2] and GeoVera has filed a Reply.[3]

After careful consideration of the parties' memoranda, the record, and the applicable law, the Motion is **DENIED.**

### I.   FACTUAL AND PROCEDURAL BACKGROUND[4]

This is a Hurricane Ida case.  Plaintiff owned property located at 4654 Jean Lafitte Boulevard in Lafitte, Louisiana.[5]  Plaintiff contends that GeoVera provided a policy of insurance to Plaintiff which insured the property against perils including wind, hail, and water and that that policy was in effect on August 29, 2021.[6]  On August 29, 2021, Hurricane Ida struck the area and caused extensive damage to

---

[1] R. Doc. 50. While the heading of the Motion appears to seek to exclude the witness, both the Motion and the Memorandum in Support make clear that GeoVera simply seeks to confine the witness' testimony to his report. *See* R. Docs. 50 & 50-1.

[2] R. Doc. 62.

[3] R. Doc. 69.

[4] The facts and procedural history of this case were set forth in detail in the Court's March 18, 2024 Order and Reasons denying Plaintiff's Motion in Limine No. 1: To Exclude Defense Testimony and Evidence at Trial Regarding Estimated or Reasonable Repair Costs (R. Doc. 75) and, for the sake of brevity, will not be repeated here.

[5] R. Doc. 1-2 at ¶ 5.  For purposes of this Motion, the factual background is taken from Plaintiff's state court Petition for Damages.

[6] *Id.* at ¶ 6.

Plaintiff's property.[7]  Plaintiff claims that he timely notified GeoVera, who inspected

the property on several occasions, but that payments made to date were woefully

inadequate to cover the costs to repair the property.[8]  As a result, Plaintiff filed a

lawsuit in the 24th Judicial District Court for the Parish of Jefferson, Louisiana,

alleging breach of contract and bad faith claims.[9]  GeoVera timely removed the matter

to this Court alleging diversity jurisdiction.[10]  In Answer, GeoVera admits that it

provided a homeowner's policy to the Plaintiff for the property, and that policy was

in effect at the time of Hurricane Ida, but asserts various affirmative defenses,

including that Plaintiff's claims are barred by policy exclusions and endorsements.[11]

   In the instant Motion, GeoVera seeks to limit the testimony of Plaintiff's

expert, Ivan Mandich, to the opinions contained in his expert report, as Mandich did

not produce all the materials he reviewed in preparing his report in response to

GeoVera's subpoena.[12]  GeoVera advises that it issued a subpoena to Mandich that

requested, in part, "[e]ach and every document reviewed, generated, or utilized by

IVAN C. MANDICH, PE, MA in preparing their report to the Property owned by Jeff

Adam, Sr.," and that Mandich responded to the subpoena with photographs and his

expert report.[13]   GeoVera contends that throughout his deposition, Mandich

---

[7] *Id.* at ¶¶ 8–11.
[8] *Id.* at ¶¶ 12–15.
[9] *Id.* at ¶¶ 16–40.
[10] R. Docs. 1 & 13.  GeoVera alleges that Plaintiff is a citizen of Louisiana and that it is a citizen of California and Delaware and that the amount in controversy at the time of removal was over $75,000. *See*, R. Docs. 2, 13, & 30.
[11] R. Doc. 34 at ¶¶ 6 & 30 and pp. 7–25.
[12] R. Doc. 50.
[13] R. Doc. 50-1 at p. 2 (*quoting* R. Doc. 50-3) (internal quotation marks omitted).

referenced documents beyond the report which were not provided to GeoVera.[14]

GeoVera contends that it would be prejudiced if Mandich is allowed to opine on

matters beyond his expert report because GeoVera did not have  an opportunity to

review those other materials..[15]

Plaintiff argues that the Motion should be denied because Mandich qualifies

as a non-retained expert and, therefore, he is not required to produce a special report

specific for litigation purposes.[16]  Plaintiff assert that Mandich:

> was not 'retained' to testify as an expert in this case, he was hired by
> Plaintiff's public adjuster to evaluate the Property for the insured and
> not for litigation purposes, and he reviewed no documents related to the
> litigation to inform his opinions; indeed, Mr. Mandich admitted that he
> reviewed no documents or performed any duties specific for litigation
> purposes.[17]

Plaintiff provides excerpts from Mandich's deposition to support his argument.[18]

Plaintiff further advises that "Mr. Mandich did produce a report after his inspection

that he created for purposes other than litigation, and Plaintiff does not challenge

that his opinions in this case should be limited to those that he formed during his

non-litigation exercise and review of this claim."[19]  Plaintiff also advises that Mandich

"produced all documents in his possession in response to Defendant's subpoena," but

that, "[t]hrough his experience, he has relied on other documents as an engineering

expert that enable him to form general engineering opinions that were not generated

---

[14] R. Doc. 50-1 at p. 2.
[15] *Id.*
[16] R. Doc. 62 at pp. 2–3.
[17] *Id.* at p. 2 (*citing* R. Doc. 62-1 at pp. 2–8 & 9–12).
[18] *See* R. Doc. 62-1.
[19] R. Doc. 62 at p. 3.

specific to this case, including articles, reports and code provisions."[20]    Plaintiff

asserts that Mandich could not possibly know or be in a position to produce every

such document that generally informs his engineering knowledge.[21]

In response, GeoVera again asserts that Mandich's testimony should be limited

to what was produced in response to the subpoena, and further asserts that GeoVera

would be prejudiced if Mandich testifies beyond the four corners of his report.[22]

## II.    LEGAL STANDARD

"The purpose of a motion *in limine* is to allow the trial court to rule in advance

of trial on the admissibility and relevance of certain forecasted evidence."[23]    Federal

Rule of Civil Procedure 26(a)(2)(A) requires parties to "disclose to the other parties

the identity of any witness it may use at trial to present evidence under Federal Rule

of Evidence 702, 703, or 705."[24]    Rule 26 distinguishes between witnesses who are

retained or specially employed to give expert testimony and those who are not

retained or specially employed, but who may nonetheless testify as a fact witness and

also provide expert testimony.[25]    According to Rule 26(a)(2)(B), if a witness "is one

retained or specially employed to provide expert testimony in the case or one whose

duties as the party's employee regularly involve giving expert testimony," the witness

---

[20] *Id.*

[21] *Id.*

[22] R. Doc. 69.

[23] *EEOC v. First Metro. Fin. Serv., Inc.*, 515 F.Supp.3d 573, 574 (N.D. Miss. Jan. 26, 2021) (quoting *King v. Cole's Poultry, LLC*, Civ. A. No. 1:14-cv-00088-MPN-DAS, 2017 WL 532284, at *1 (N.D. Miss. Feb. 9, 2017) (Mills, J.)).

[24] Fed. R. Civ. P. 26(a)(2)(A).

[25] Fed. R. Civ. P. 26, Advisory Committee Notes to 2010 Amendments; *Tajonera v. Black Elk Energy Offshore Operations, LLC*, Civ. A. No. 13-0366 c/w 13-0550, 13-5137, 13-2496, 13-5508, 13-6413, 14-374, 14-1714,  2016 WL 3180776, at *7 (E.D. La. June 7, 2016) (Brown, J.) (citing *Rea v. Wis. Coach Lines, Inc.*, Civ. A. No. 12-1252, 2014 WL 4981803, at *2 (E.D. La. Oct. 3, 2014) (Duval, J.)).

must provide an expert report.  Rule 26(a)(2)(C), entitled "Witnesses Who Do Not

Provide a Written Report," provides the following:

> Unless otherwise stipulated or ordered by the Court, if the witness is
> not required to provide a written report, this disclosure must state:
> (i) the subject matter on which the witness is expected to present
> evidence under Fed. R. Evid. 702, 703, or 705; and
> (ii) a summary of the facts and opinions to which the witness is
> expected to testify.[26]

## III.   ANALYSIS

In GeoVera's Motion, it advises that Mandich inspected the property on April

8, 2022 at the request of Irwin & Associates, Plaintiff's public adjusters.[27]  Plaintiff

confirms this, as does Mandich's report, and his deposition testimony references the

same.[28]  Accordingly, Mandich's expertise falls within the confines of Rule 26(a)(2)(C),

and he is a witness who is not required to provide a written report.  Though not

required to provide a report, Mandich created a report following his inspection of

Plaintiff's property.  GeoVera confirms that it received Mandich's report as well as

numerous photographs, and further that it had full opportunity to depose Mandich.

GeoVera simply advises that Mandich failed to respond to its subpoena by providing

all supporting documentation.   Plaintiff advises that Mandich produced all

documents in his possession in response to the subpoena, but that he may have relied

on other documents from his experience as an engineering expert to form his

opinions.[29]

---

[26] Fed. R. Civ. P. 26(a)(2)(C).
[27] R. Doc. 50 at p. 2.
[28] *See* R. Docs. 62, 50-2, & 50-4 at p. 7, respectively.
[29] R. Doc. 62 at p. 3.

GeoVera seeks to limit Mandich to the four corners of his report; Plaintiff does not challenge that his opinions in this case should be limited to those that he formed during his non-litigation exercise and review of the claim.[30]  The Court agrees with Plaintiff.  The scope of a non-retained expert, such as in this case, is limited to expert opinions based upon personal knowledge and observations.[31]  Mandich may testify accordingly.  To the extent that his opinions may veer beyond those contained in his report, such testimony will be subject to cross-examination and his testimony will be given appropriate weight.  Further, while GeoVera summarily claims that it will be prejudiced by not being provided all of the supporting documentation, it fails to provide any specifics as to how it will be prejudiced and the Court has been unable to determine any prejudice to GeoVera in light of the facts of this matter.

## IV.    CONCLUSION

For the foregoing reasons, **IT IS HEREBY ORDERED** that the Motion in Limine to Exclude Ivan Mandich, P.E., MA,[32] filed by GeoVera Specialty Insurance Company, is **DENIED**.

New Orleans, Louisiana, March 18, 2025.

_____
**WENDY B. VITTER**
**United States District Judge**

---

[30] *Id.*
[31] *MGMTL, LLC v. Strategic Technology,* Civ. A. No. 20-2138, 2022 WL 474161, at *4 (E.D. La. Feb. 16, 2022) (Vitter, J.) (citing authority).
[32] R. Doc. 50.